Michael Stone-Molloy, Esq. SBN 224271
THE LION'S LAW OFFICE
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
Telephone: (213) 935-7118
Fax: (213) 927-3635
Email: michael@thelionslaw.com

Attorneys for Plaintiffs LARISSA ARAUJO (SURVIVAL ACTION); JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; ANDRESSA DOS SANTOS (SURVIVAL ACTION); RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA—SAN DIEGO DIVISION

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION); JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; ANDRESSA DOS SANTOS (SURVIVAL ACTION); RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO,<br><br>Plaintiffs,<br><br>vs.<br><br>COACHELLA VALLEY WATER DISTRICT; THE COUNTY OF IMPERIAL; JOSUE GONZALES; DOES 1 TO 25, inclusive,<br><br>Defendants. | Case No.: **'20CV1800 AJB LL**<br><br>**COMPLAINT FOR DAMAGES FOR**<br>1. **WRONGFUL DEATH;**<br>2. **BATTERY (SURVIVAL ACTION);**<br>3. **VIOLATION OF CIVIL RIGHTS (SURVIVAL ACTION);**<br>4. **NEGLIGENCE (SURVIVAL ACTION)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, JOSE CARLOS DE ARAUJO, HELENILZA MARIA OLIVEIRA DE ARAUJO, RENATO ALVES DOS SANTOS, and MARIA TEREZA DE CARVALHO, complain of Defendants and allege and aver the following:

/ / /

- 1 -
**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

**PARTIES**

1. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 25 inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names, and plaintiff will ask leave of court to show their true identities when the same shall be ascertained.

2. Plaintiff is informed and believe, and based upon such information and belief alleges, that each defendant designated herein as a DOE is responsible negligently, intentionally, recklessly or in some other manner for the events and happenings referred to herein, and proximately caused those injuries and damages to the plaintiffs as are hereinafter set forth, either through said Defendant's own conduct, or through the conduct of their agents, servants or employees, and each of them, or due to said Defendant's importation, design, ownership, possession, supervision, maintenance, inspection, repair, control, entrustment, use, furnishing, manufacturing or sale of the product or instrumentalities which caused the injuries or damages herein alleged.

3. At all times mentioned herein, each of the Defendants was the agent, servant, employee and/or independent contractor of their co-defendants, and were at all times acting within the course, scope, purpose and authority of such agency and employment, and acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them.

4. At all relevant times herein mentioned, Defendant COACHELLA VALLEY WATER DISTRICT (henceforth "CVWD") was a government entity formed and existing under the laws of the State of California and the employer of co-Defendant JOSUE GONZALES.

5. At all relevant times herein mentioned, Defendant THE COUNTY OF IMPERIAL (henceforth "COUNTY") was a government entity formed and existing under the laws of the State of California.

6. At all relevant times herein mentioned, Defendant JOSUE GONSALEZ was a resident of the State of California and employed by CVWD, who hired, trained, supervised and retained him.

7. At all relevant times herein mentioned, the decedent of Plaintiffs JOSE CARLOS DE ARAUJO and HELENILZA MARIA OLIVEIRA DE ARAUJO was their 28-year-old daughter LARISSA ARAUJO, a citizen of the Federative Republic of Brazil, born September 26, 1991, and resident of the State of São Paulo, as are her parents. JOSE CARLOS DE ARAUJO brings this action on his own behalf and as successor in interest and personal representative of the estate.

8. At all relevant times herein mentioned, the decedent of Plaintiffs RENATO ALVES DOS SANTOS and MARIA TEREZA DE CARVALHO was their 26-year-old daughter ANDRESSA DOS SANTOS, a citizen of the Federative Republic of Brazil, born June 19, 1993 and resident of the State of São Paulo, as are her parents. MARIA TEREZA DE CARVALHO brings this action on her own behalf and as successor in interest and personal representative of the estate.

## JURISDICTION AND VENUE

9. This action is of a civil nature and the amount in controversy without interest and costs exceeds the sum specified by 28 USC § 1332.  Plaintiff's injuries include but are not

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

1  limited to wrongful death.  Every issue of law and fact is wholly
2  between citizens of different states or nations. Furthermore,
3  this Court has original jurisdiction over the civil rights causes
4  of action pled herein under 42 U.S.C. § 1983, and pursuant to 28
5  U.S.C. § 1343(a)(3), and by the federal questions raised therein
6  pursuant to 28 U.S.C. § 1331. This Court also has supplemental
7  jurisdiction over the state law causes of action pled herein
8  pursuant to 28 U.S.C. § 1367(a), because those claims are so
9  closely related to the federal claims that they form part of the
10 same case or controversy under Article III of the United States
11 Constitution.
12     10. Venue is proper in this Court under 28 USC § 1391(b)(2)
13 because Defendant is subject to personal jurisdiction of this
14 Court, the incident having occurred within Imperial County, part
15 of the Southern California District Court's area.

**COMMON ALLEGATIONS**

17     11. On or about October 2, 2019, at approximately 12:30
18 p.m., Plaintiffs' decedents were passengers in a silver Hyundai
19 Elantra traveling westbound on Schrimpf Road in rural
20 unincorporated Imperial County, southwest of the town of Niland.
21 The Hyundai was driven by Andre de Sa, with one additional
22 passenger—Cheng Zhang—for a total of four occupants. The group of
23 friends were touring California together, and at the time were
24 driving to San Diego after a visit to Salvation Mountain, a local
25 religious attraction in nearby Calipatria. Their intended route
26 was to take State Highway 111 south to Interstate Freeway 8, but
27 they encountered road work which detoured them onto surface
28 roads.

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

12. Schrimpf Road at the relevant location is a dirt-packed roadway with one lane for each direction. On its north side—to the right of the Elantra—there is a canal and beyond that a raised dirt berm approximately 5' high. Schrimpf Road intersects with English Road, another earth-packed, two-lane roadway, running north/south with two directions of travel. Both roads are maintained by Imperial County. Their intersection on the date of October 2, 2019 was uncontrolled, with no stop signs for either road at the intersection and no signs further back of an upcoming intersection. Both roads are subject to the 55 miles per hour speed limit although no speed signs are posted. Neither road has lane or roadway markings.

13. At that same approximate time, Defendant JOSUE GONZALEZ was driving a white Ford E-350 van southbound on English Road. The van was owned and maintained by Mr. Gonzalez' employer, Defendant CVWD, and Mr. Gonzalez was driving said van at the time within the course and scope of his employment. As it approaches Schrimpf Road from the north, English Road is bordered on the left (east) side by a concrete drainage culvert and beyond that a 5' high dirt berm.

14. Due to the obstruction of the dirt berms, motorists on westbound Schrimpf Road and southbound English Road do not have clear views of each other as they approach the intersection of the two roads, until approximately 100' from the intersection, where the berms end. California Vehicle Code 22352(a)(2) would require a 15-mph speed limit if the obstruction were within the last 100' but as it was, the approaching vehicles were subject to the 55-mph speed limit.

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

15. At all relevant times, the weather was warm, clear and dry: 84 degrees, 17% humidity and wind at 6 mph.

16. When officers of the California Highway Patrol arrived at the scene, they found the CVWD van on its wheels, blocking English Road, south of Shrimpf Road, facing in a southeasterly direction. The van sustained major frontend damage and rollover damage: the front bumper was bent, dented, buckled, and scratched; the grille was broken and detached; the front lighting equipment was broken; the left front fender was bent, dented, buckled, and scratched; the left tire was deflated, and the wheel was bent, dented, scratched and detached from its mounted position; the left driver's side door was bent, dented, scratched and the left mirror was broken off; the left driver's side airbag was deployed; the left driver's side seatbelt was stretched out in a locked position and displayed loading; the left side panel was bent, dented and scratched; the left upper rear roof corner was bent, dented, scratched and buckled; the left side of the rear bumper was dented and scratched; the left rear door was bent, dented, scratched, and the window was shattered out; the right side of the rear bumper was dented and scratched; the right-side passenger door was bent and scratched; the right front passenger's airbag was deployed; the right tire was deflated, and the wheel was bent and scratched; the right front fender was bent, dented, buckled and scratched; the hood was bent, dented, scratched and buckled; the front windshield was cracked throughout; the roof and roof rack were bent, dent, scratched and buckled.

17. The silver Hyundai was found on the south raised dirt embankment of the N. Lateral Canal, west of English Road and south of Shrimpf Road, facing in an easterly direction. The car had suffered a major impact to its right side. Damage included: the left front tire was deflated; the left front driver's airbag was deployed; the left driver's side seatbelt was stretched out in a locked position and displayed loading; the left rear passenger's seatbelt was in an upright position and did not display loading; the front bumper and grille were detached; the right front fender was bent, dented, and scratched; the right front tire was deflated and was pushed partially off the wheel towards the engine compartment; the A-pillar was bent, dented and scratched; the right front passenger's airbag and side air bag were deployed; the right front passenger's seatbelt was stretched out in a locked position and displayed loading; the right front passenger door was bent, dented, scratched and was pushed inward towards the cab. Also, the right front passenger door window was shattered, and the right front mirror was broken off; the B-pillar was bent, dented, scratched and pushed inward towards the cab; the right rear passenger door was bent, dented, scratched and was pushed inwards towards the cab. Also, the right rear passenger door window was shattered; the right rear side airbag was deployed; the right rear passenger's seatbelt was stretched out in a locked position and displayed loading; the C-pillar was bent, dented, and scratched; the rear quarter-panel was bent and dented; the right rear bumper was detached; the trunk was dislodged, and the rear window was shattered; the front

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL**

windshield shattered in place; the roof was bent, dented, tom open, scratched, and pushed inward towards the cab.

18. The arriving CHP officers found Andre de Sa being attended by emergency medical personnel. He was highly emotional and distraught but related that he had been driving at approximately 40 mph and saw no indication of an intersection until they were upon it, and simultaneously saw the oncoming van to his right. He applied his brakes and entered the intersection first, but the van struck his vehicle broadside and threw it rolling over into the ditch.

19. Police then interviewed the van driver, JOSUE GONZALEZ, who told them that he was "surprised" by the Hyundai because it "came out of nowhere." He claimed that he applied his brakes and decreased his speed but was unable to stop before colliding. He stated that he could not recall his speed and did not look at his speedometer at any time while driving on English Road.

20. Police reconstruction of the collision determined that the silver Hyundai entered the intersection first and as such established right-of-way, given that the intersection was uncontrolled. The van struck the Hyundai broadside. The force of the impact spun the Hyundai in a clockwise manner away from the intersection, towards the north lateral canal, in a southwesterly direction, where it traveled up the dirt embankment and over the canal, colliding with the concrete edge, before coming to rest on the south raised dirt embankment.

21. The van likewise spun in a clockwise manner, in a southerly direction, from the intersection. The van overturned onto its left side as its left upper corner struck the ground. It

continued out of control, striking two wood support posts to the west of the roadway, causing minor scuffs to the pole, before coming to a stop on English Road.

22. The first call to 911 came in at 12:33 PM and the first units, from Imperial County Sheriff's Office and Fire Department, arrived on scene at 12:52 PM. Highway Patrol's first unit arrived at 1:03 PM.

23. Andressa dos Santos, who was seated in the right rear passenger seat, was found lying against the other rear-seat occupant, Cheng Zhang. Emergency air ambulance rescue was called, and she received CPR at the scene, but succumbed to her injuries prior to the helicopter's arrival and was pronounced dead by AMR paramedic Logan Stout at 1:05 PM.

24. Larissa Araujo, who was seated in the front passenger seat, was airlifted to Desert Regional Hospital. En route she was thrashing and semi-conscious, with serious abdominal and chest injuries. At one point she was lucid enough to give her name and date of birth: September 29, 1991. These would be her last words. She suffered cardiac arrest during evac but was resuscitated on arrival at Desert Regional where she underwent emergency surgery, but during transfer post-op she coded again and revival efforts this time were unsuccessful. Her time of death was 4:30 PM. Later, during her autopsy, the coroner noted that she bore on her person a single tattoo. On her right ankle was the English phrase: "No Matter Where." She died 6,022 miles from home.

25. Due to the tragic loss of life involved, CHP assigned the case for MAIT (Multidisciplinary Accident Investigation Team) handling. The officers in the team obtained extensive evidence,

including the downloaded data from both vehicles' onboard computer systems.

26. Computer data from the Hyundai established that well prior to arriving at the intersection, the Hyundai was traveling at almost exactly the speed limit. Within the final moments before the collision a swerve to the left was recorded, together with two applications of the brakes with consequent decrease of speed to 37 mph at the moment of impact—consistent with the description of events given by Mr. de Sa.

27. Computer data from the van, however, established that the CVWD van was initially driving at 59 mph, and as it approached the intersection the gas pedal was applied, causing the van to accelerate. I was going 61 miles per hour at the moment of impact. No force was recorded being applied to the brake pedal at any time during the incident recording period.

28. MAIT engineers calculated that, had the van been merely traveling at the speed limit without changing speed, the Hyundai would have completely cleared the intersection before the van arrived and no collision would have occurred.

29. On this evidence, CHP recommended criminal charges be filed against Josue Gonzalez.

30. On November 20, 2019, a CHP MAIT officer returned to the scene for further investigation and found that Schrimpf and English Roads—at the time of the collision an uncontrolled intersection—were now controlled by stop signs. Two stop signs had been placed on Schrimpf Road and written on their reverse sides was the notation: "11-07-19 EA MV NEW."

31. On February 20, 2020, Plaintiffs served claims forms on Defendant CVWD; and on April 1, 2020, Plaintiffs served claims forms on Defendant COUNTY, thus complying with California government claims filing requirements.

### FIRST COUNT: WRONGFUL DEATH
### (ALL DEFENDANTS)

32. Plaintiffs herewith refer to and incorporate as though fully set forth herein each and every allegation set forth in preceding paragraphs.

33. Defendants CVWD and JOSUE GONZALES owed Plaintiffs a duty of reasonable care in the use, operation and maintenance of the subject vehicle, being the Ford van involved in the October 2, 2019 incident.

34. Defendants CVWD and JOSUE GONZALES breached said duty of reasonable care.

35. Defendants CVWD and JOSUE GONZALES violated Vehicle Code 21800(A) by failing to yield to a vehicle already in an intersection, which violation constitutes negligence *per se*.

36. Defendant CVWD negligently entrusted the Ford van involved in the incident to JOSUE GONZALES and failed to properly supervise his use, operation and/or maintenance thereof.

37. Defendant CVWD negligently hired, trained, supervised and retained JOSUE GONZALES who was unfit and incompetent to operate their vehicle, which CVWD knew or should have known.

38. Defendants CVWD and JOSUE GONZALES acted with reckless, willful and wanton disregard for the safety of others, or alternatively with gross negligence, or simple negligence.

39. Said actions were the legal and proximate cause of the death of Plaintiffs' decedents and all attendant damages following thereby.

40. The actions of Defendant JOSUE GONZALES were done with culpable malice and oppression, constituting despicable conduct so vile, base and contemptible as to be despised by reasonable people, and further that said conduct was later ratified by Defendant CVWD.

41. Prior to and on the date of the subject incident, Defendant COUNTY OF IMPERIAL managed, owned, operated, designed, planned, engineered, maintained and inspected the public property known as the intersection of Schrimpf Road and English Road, including the approaches from all directions.

42. At the time of the subject incident, the intersection and its approaches were in a dangerous condition creating a foreseeable risk of harm, including death.

43. The dangerous condition was created by the negligent or wrongful conduct of Defendant COUNTY OF IMPERIAL's agents or employees acting within the scope of their employment.

44. The dangerous condition was a substantial factor in causing the death of Plaintiffs' decedents.

**SECOND COUNT: BATTERY**

**(SURVIVAL ACTION) (CVWD, JOSUE GONZALES, DOES 1 TO 25)**

45. Plaintiffs herewith refer to and incorporate as though fully set forth herein each and every allegation set forth in preceding paragraphs.

46. On the date of the subject incident, Defendant JOSUE GONZALES, while acting in the course and scope of employment for

Defendant CVWD, intentionally accelerated his vehicle in knowing, wanton and reckless disregard of Plaintiffs' decedents vehicle, causing a battery upon them which resulted in their deaths.

47. On the date of the subject incident, before the within cause of action arose in her favor, Decedents LARISSA ARAUJO and ANDRESSA DOS SANTOS, and each of them, who would have been the Plaintiffs in this action had they lived, died as a result of the injuries resulting from the battery.

48. As a direct and proximate result of the hereinabove alleged conduct of Defendants, and each of them, Decedent LARISSA ARAUJO and ANDRESSA DOS SANTOS were placed in pain, great fear for their lives and physical well-being at the time of the subject collision, and suffered extreme, severe, and relentless mental anguish until they died, all to their general damage in an amount to be determined at trial.

49. The actions of Defendant JOSUE GONZALES were done with culpable malice and oppression, constituting despicable conduct so vile, base and contemptible as to be despised by reasonable people, and further that said conduct was later ratified by Defendant CVWD.

**THIRD COUNT: VIOLATION OF CIVIL RIGHTS (USC §1983) (SURVIVAL ACTION) (CVWD, JOSUE GONZALES, DOES 1 TO 25)**

50. Plaintiffs herewith refer to and incorporate as though fully set forth herein each and every allegation set forth in preceding paragraphs.

51. On the date of the subject incident, Defendant JOSUE GONZALES, while acting under color of law and in the course and scope of employment for the government entity Defendant CVWD,

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL**

intentionally and with wanton and reckless disregard, violated the rights to personal bodily integrity of LARISSA ARAUJO and ANDRESSA DOS SANTOS guaranteed by the fourteenth amendment to the United States Constitution.

52. On the date of the subject incident, before the within cause of action arose in her favor, Decedents LARISSA ARAUJO and ANDRESSA DOS SANTOS, and each of them, who would have been the Plaintiffs in this action had they lived, died as a result of the injuries resulting from the battery.

53. As a direct and proximate result of the hereinabove alleged conduct of Defendants, and each of them, Decedent LARISSA ARAUJO and ANDRESSA DOS SANTOS were placed in pain, great fear for their lives and physical well-being at the time of the subject collision, and suffered extreme, severe, and relentless mental anguish until they died, all to their general damage in an amount to be determined at trial.

54. The actions of Defendant JOSUE GONZALES were done with culpable malice and oppression, constituting despicable conduct so vile, base and contemptible as to be despised by reasonable people, and further that said conduct was later ratified by Defendant CVWD.

**FOURTH COUNT: NEGLIGENCE**

**(SURVIVAL ACTION) (CVWD, JOSUE GONZALES, DOES 1 TO 25)**

55. Plaintiffs herewith refer to and incorporate as though fully set forth herein each and every allegation set forth in preceding paragraphs.

56. On the date of the subject incident, before the within cause of action arose in her favor, Decedents LARISSA ARAUJO and

ANDRESSA DOS SANTOS, and each of them, who would have been the Plaintiffs in this action had they lived, died as a result of the injuries resulting from the battery.

57. As a direct and proximate result of the hereinabove alleged conduct of Defendants, and each of them, Decedent LARISSA ARAUJO and ANDRESSA DOS SANTOS were placed in pain, great fear for their lives and physical well-being at the time of the subject collision, and suffered extreme, severe, and relentless mental anguish until they died, all to their general damage in an amount to be determined at trial.

58. Defendants CVWD and JOSUE GONZALES violated Vehicle Code 21800(A) by failing to yield to a vehicle already in an intersection, which violation constitutes negligence *per se*.

59. Defendant CVWD negligently entrusted the Ford van involved in the incident to JOSUE GONZALES and failed to properly supervise his use, operation and/or maintenance thereof.

60. Defendant CVWD negligently hired, trained, supervised and retained JOSUE GONZALES who was unfit and incompetent to operate their vehicle, which CVWD knew or should have known.

61. Defendants CVWD and JOSUE GONZALES acted with reckless, willful and wanton disregard for the safety of others, or alternatively with gross negligence, or simple negligence as the case may be.

62. Said actions were the legal and proximate cause of the death of Plaintiffs' decedents and all attendant damages following thereby.

63. The actions of Defendant JOSUE GONZALES were done with culpable malice and oppression, constituting despicable conduct

so vile, base and contemptible as to be despised by reasonable people, and further that said conduct was later ratified by Defendant CVWD.

**PRAYER**

WHEREFORE Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

(a) Compensatory economic damages, according to proof, including but not limited to lost financial support, loss of gifts or benefits, funeral and burial expenses, and lost household services;

(b) Compensatory non-economic damages, according to proof, including but not limited to lost love, companionship, comfort, care, assistance, protection, affection, society, moral support, and pre-death pain and suffering;

(c) Punitive damages, according to proof;

(d) Costs of suit incurred herein, according to proof;

(e) Interest, according to proof;

(f) Such other and further relief as this Court may deem just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: September 13, 2020

_____
Michael Stone-Molloy, Esq.

Michael Stone-Molloy, Esq. SBN 224271
THE LION'S LAW OFFICE
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
Telephone: (213) 935-7118
Fax: (213) 927-3635
Email: michael@thelionslaw.com

Attorneys for Plaintiffs JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA—SAN DIEGO DIVISION**

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION); JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; ANDRESSA DOS SANTOS (SURVIVAL ACTION); RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO,<br><br>Plaintiffs,<br><br>vs.<br><br>COACHELLA VALLEY WATER DISTRICT; THE COUNTY OF IMPERIAL; JOSUE GONZALES; DOES 1 TO 25, inclusive,<br><br>Defendants. | **DECLARATION OF JOSE CARLOS DE ARAUJO PURSUANT TO CIVIL CODE §377.32** |

I, JOSE CARLOS DE ARAUJO, declare as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and if called as a witness I could and would testify competently to the truth of the facts stated herein.

- 17 -
**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

1. 2. I am the father of Larissa Araujo, who died on October 2, 2019 in Imperial County, California.

3. No proceeding is now pending in the State of California for administration of the Estate of Larissa Araujo.

4. I am one of the successors in interest to Larissa Araujo, as defined in Section 377.11 of the Code of Civil Procedure and succeed to their interest in the above-entitled proceeding.

5. I am authorized by the other successors in interest to Larissa Araujo to act on their behalf in the above-entitled proceeding.

6. No other person has a superior right to commence the above-entitled proceeding or to be substituted for Larissa Araujo in the above-entitled proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 13, 2020

*Jose Carlos de Araujo*
JOSE CARLOS DE ARAUJO

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

Michael Stone-Molloy, Esq. SBN 224271
THE LION'S LAW OFFICE
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
Telephone: (213) 935-7118
Fax: (213) 927-3635
Email: michael@thelionslaw.com

Attorneys for Plaintiffs JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA—SAN DIEGO DIVISION

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION); JOSE CARLOS DE ARAUJO; HELENILZA MARIA OLIVEIRA DE ARAUJO; ANDRESSA DOS SANTOS (SURVIVAL ACTION); RENATO ALVES DOS SANTOS; MARIA TEREZA DE CARVALHO,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COACHELLA VALLEY WATER DISTRICT; THE COUNTY OF IMPERIAL; JOSUE GONZALES; DOES 1 TO 25, inclusive,<br><br>　　　　　Defendants. | **DECLARATION OF MARIA TEREZA DE CARVALHO PURSUANT TO CIVIL CODE §377.32** |

I, MARIA TEREZA DE CARVALHO, declare as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and if called as a witness I could and would testify competently to the truth of the facts stated herein.

- 19 -
**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**

2. I am the mother of Andressa dos Santos, who died on October 2, 2019 in Imperial County, California.

3. No proceeding is now pending in the State of California for administration of the Estate of Andressa dos Santos.

4. I am one of the successors in interest to Andressa dos Santos, as defined in Section 377.11 of the Code of Civil Procedure and succeed to their interest in the above-entitled proceeding.

5. I am authorized by the other successors in interest to Andressa dos Santos to act on their behalf in the above-entitled proceeding.

6. No other person has a superior right to commence the above-entitled proceeding or to be substituted for Andressa dos Santos in the above-entitled proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 13, 2020

*Helenilza Maria Oliveira de Araujo*
MARIA TEREZA DE CARVALHO

- 20 -
**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES;
DEMAND FOR JURY TRIAL**