1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11   LARISSA ARAUJO (SURVIVAL          Case No.:  20-cv-01800-AJB-RBM
     ACTION); JOSE CARLOS DE           **ORDER GRANTING DEFENDANTS'**
12   ARAUJO; HELENILZA MARIA           **MOTION TO DISMISS**
13   OLIVEIRA DE ARAUJO; ANDRESSA
     DOS SANTOS (SURVIVAL ACTION);     **(Doc. No. 11)**
14   RENATO ALVES DOS SANTOS;
15   MARIA TEREZA DE CARVALHO,
16                          Plaintiffs,
17   v.
18   COACHELLA VALLEY WATER
     DISTRICT; THE COUNTY OF
19   IMPERIAL; JOSUE GONZALEZ;
20   DOES 1 TO 25, inclusive,
                            Defendants.
21

22        Before the Court is Defendant Coachella Valley Water District ("CVWD") and
23   Josue Gonzalez's ("Gonzalez") motion to dismiss pursuant to Federal Rule of Civil
24   Procedure 12(b)(6). (Doc. No. 11.) Plaintiffs opposed the motion, and Defendants replied.
25   (Doc. No. 17.) For the reasons set forth in detail below, the Court **GRANTS** Defendants'
26   motion in its entirety.

27   **I.   BACKGROUND**
28        This is a wrongful death and negligence action arising out of an automobile accident,

                                         1

which resulted in the death of two decedents, Larissa Araujo and Andressa Dos Santos. (Complaint ("Compl."), Doc. No. 1.) Plaintiffs Jose Carlos De Araujo, Helenilza Maria Oliveira De Araujo, Renato Alves Dos Santos, and Maria Tereza De Carvalho are the parents of the decedents. (*Id.* ¶¶ 7–8.) All Plaintiffs are residents of Brazil. (*Id.*) The Complaint alleges that on or about October 2, 2019, Defendant Gonzalez was driving a van within the course and scope of his employment with the Coachella Valley Water District. (*Id.* ¶ 13.) Plaintiffs allege Defendant Gonzalez recklessly sped into an uncontrolled intersection, with no stop signs, for which the vehicle in which decedents were passengers, a Hyundai, had already established the right-of-way. (*Id.* ¶¶ 20, 27.) The two vehicles collided at the uncontrolled intersection, which resulting in a fatal automobile accident. (*Id.* ¶ 20.)

The Complaint seeks damages against Defendants Gonzalez and CVWD for: (1) wrongful death, (2) battery (survival action), (3) violation of civil rights (survival action), and (4) negligence (survival action). Defendants Gonzalez and CVWD moved to dismiss the third count of Plaintiffs' Complaint alleging violation of civil rights based on 42 U.S.C. § 1983 ("§ 1983") as well as the claims for punitive damages against Defendant CVWD. (Doc. No. 11.) This order follows.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the purpose of a motion to dismiss is to test the legal sufficiency of a complaint. *See Navarro v. Block*, 250 F.3d. 729,732 (9th Cir. 2001.) Dismissal is warranted where there is an absence of a cognizable legal theory or sufficient facts alleged under a cognizable legal theory." *SmileCare Dental Grp. V. Delta Dental Plan of Cal.*, 88 F.3d. 780, 783 (9th Cir. 1996). To survive a motion to dismiss the complaint must contain "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

### A.   Plaintiffs' § 1983 Claims

Defendants argue that Plaintiffs' claims for violation of civil rights based on 42 U.S.C. § 1983 against Defendant CVWD and Gonzalez must be dismissed as a matter of law. (Doc. No. 11-1 at 4.) Below, the Court examines both claims, and concludes that these claims fail as a matter of law.

### 1.   Plaintiffs' § 1983 Claim Against Defendant Gonzalez

The thrust of Plaintiffs' assertion is that Defendant Gonzalez, while acting under color of law and in the course and scope of employment for Defendant CVWD, recklessly violated the decedent's rights to personal bodily integrity guaranteed by the Fourteenth Amendment to the United States Constitution. (Compl. ¶ 51.) As support for this claim, Plaintiff alleges Defendant Gonzalez lied to the police about applying his brakes and decreasing speed before the collision when in fact onboard computer data showed he never activated the brakes, but rather applied the accelerator. (Doc.  No. 17 at 4.) Defendants move to dismiss, contending "Plaintiffs seek to turn a straightforward, albeit serious, auto accident which involves a state employee into violation of the Fourteenth Amendment under the 'color of state law.'" (Doc. No. 11-1 at 5.) The Court agrees with Defendants.

To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see* 42 U.S.C. § 1983. The "under color of law" requirement under § 1983 is the same as the Fourteenth Amendment's "state action" requirement. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982). In this case, Plaintiffs assert a violation of the Due Process Clause of the Fourteenth Amendment. (Compl. ¶ 51.) The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. The Supreme Court has held, however, that the verb "deprive" suggests a

3

deliberate decision or action on the part of government officials to take life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). A simple lack of care "suggests no more than a failure to measure up to the conduct of a reasonable person" and does not implicate the abuse of power concerns that motivated the Founders when they included the Due Process Clause in our Constitution. *Id.* at 332.

Here, the facts in the Complaint do not give rise to a § 1983 claim. In *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998), the Supreme Court considered "whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender." *Id.* Answering "no," the Court held that "in such circumstances only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* Although not entirely analogous, the Court holds that the reasoning of *Lewis* is nevertheless persuasive and guides the Court's analysis here. Plaintiffs assert that due process rights were violated because Defendant Gonzalez decided to step on the accelerator, and speed through the intersection. (Doc. No. 17 at 5 ("This isn't merely a case of someone who wasn't paying attention. It's a case about someone who was paying attention and made a conscious choice to step on the gas rather than the brake, resulting in the deaths of two young women.")). On an abstract level, it is true Defendant Gonzalez "affirmatively" applied the accelerator to travel at a 61 MPH speed, exceeding the 55 MPH speed limit. (Compl. ¶ 12.) But this allegation of an affirmative act to drive above a speed limit—and nothing more—does not establish a "deliberate decision" on the part of a government official to deprive an individual of life, liberty, or property. *Daniels*, 474 U.S. at 331. To the contrary, Plaintiffs' own allegations state that when Defendant Gonzalez was interviewed, he told police officers that he was "surprised" by the Hyundai because it "came out of nowhere," demonstrating that Defendant Gonzalez did not plan or intend to collide with the Hyundai. (Compl. ¶ 19.)

4

Lastly, Plaintiffs' claims that Defendant Gonzalez misrepresented his actions about decreasing his speed also do not establish a § 1983 claim. (Compl. ¶¶ 19–20.) Again, the action which Plaintiffs contend deprived decedents of their right to bodily integrity is the action of deliberate driving at an increased speed. But the events that unfolded after the accident, such as Defendant Gonzalez's misrepresentations to the police occurred ***after*** the alleged deprivation had already happened. Plaintiffs do not adequately explain how lying to the police directly contributed to the deprivation of the bodily integrity of decedents. As such, the acts of the misrepresentation cannot serve as the basis a § 1983 claim.

In sum, the factual allegations in the Complaint indicate at best gross negligence, and an action sounding in tort. The Complaint does not demonstrate that a civil rights violation or constitutional violation occurred, and as such, this claim is **DISMISSED AS A MATTER OF LAW AND WITHOUT LEAVE TO AMEND**.

### 2.    Plaintiffs' § 1983 Claim Against Defendant CVWD

Plaintiffs § 1983 claim against Defendant CVWD fares no better. In essence, Plaintiff claims that Defendant CVWD ratified Defendant Gonzalez's actions such that Defendant CVWD also committed a § 1983 violation. (Doc. No. 17 at 6.)

Supervisory defendants are not responsible simply because they are supervisors. There is no respondeat superior liability under § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability under § 1983 only arises upon a showing of each defendant's "personal participation." *Id.* It is not enough that the supervisor merely has a supervisory relationship over the defendant; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 129 S. Ct. at 1948–52.

In addition, an entity may be found liable under § 1983 only when its policy, practice, or custom inflicts injury upon the plaintiff. *See City of Canton v. Harris*, 489 U.S.

5

378, 385 (1989). Local governments (such as cities, counties, and other municipalities) and their officials are "among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). In cases where a plaintiff alleges municipal liability, there must be a direct and causal link between a municipal policy, practice, or custom and the alleged constitutional deprivation. *See City of Canton*, 489 U.S. at 385. It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with "deliberate indifference to the constitutional rights" of the plaintiff. *Id.* at 392.

Plaintiffs' § 1983 claim against Defendant CVWD falls short for several reasons. First, it has already been determined that there is no underlying § 1983 violation committed by Defendant Gonzalez. Second, the Complaint also lacks factual allegations with respect to what Defendant CVWD knew about the situation or that any specific policymaker ratified the decision and the basis for it. Third, the conclusory and threadbare allegation that Defendant CVWD ratified Defendant Gonzalez's decision to speed is insufficient as a matter of law to confer § 1983 liability. *See Jackson v. Aviles*, No. 18CV60-BAS (BLM), 2019 WL 2289393, at *8 (S.D. Cal. May 28, 2019), report and recommendation adopted, No. 18-CV-0060-BAS-BLM, 2019 WL 3369712 (S.D. Cal. July 26, 2019) ("A single decision by a supervisor not to reprimand a subordinate officer, without more, is not sufficient to establish the type of ratification that would lead to liability under § 1983."). Based on these reasons, Plaintiffs' § 1983 claim against Defendant CVWD is **DISMISSED AS A MATTER OF LAW AND WITHOUT LEAVE TO AMEND**.

Therefore, there is no cognizable violation of Plaintiffs' constitutional rights or that any purported constitutional violation was rooted in a governmental policy directly attributable to Defendant CVWD.

### B.  Punitive Damages Claims Against Defendant CVWD

Finally, Defendants ask that paragraphs 49, 54 and 63 of the Complaint requesting punitive damages against Defendant CVWD should be stricken because the liability of public employees and the liability of public entities are separate and distinct, and punitive

6

damages cannot be maintained against a public entity. (Doc. No. 11-1 at 7.) Plaintiffs concede their "complaint does conflate CVWD with its employees for purposes of punitive damages." (Doc. No. 17 at 7.) Accordingly, the Court **STRIKES** all requests for punitive damages against Defendant CVWD from Plaintiffs' Complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants Gonzalez and CVWD's motion to dismiss in its entirety, and (1) **DISMISSES** Plaintiffs' third claim for violation of § 1983 **WITHOUT LEAVE TO AMEND**, and (2) **STRIKES** Plaintiffs' request for punitive damages against Defendant CVWD.

**IT IS SO ORDERED.**

Dated:  February 19, 2021

Hon. Anthony J. Battaglia
United States District Judge