UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT; THE COUNTY OF IMPERIAL; JOSUE GONZALEZ; and DOES 1 TO 25, inclusive,<br><br>Defendants. | Case No.: 20-cv-01800-AJB-RBM<br><br>**ORDER GRANTING CROSS-DEFENDANT COUNTY OF IMPERIAL'S MOTION TO DISMISS**<br><br>**(Doc. No. 69)** |
| COACHELLA VALLEY WATER DISTRICT,<br><br>Cross-Complainant,<br><br>v.<br><br>ANDRE DOS-SANTOS DE-SA, an individual; COUNTY OF IMPERIAL, a Public Entity; and DOES 1-10, inclusive,<br><br>Cross-Defendants. | |

Before the Court is Cross-Defendant County of Imperial's ("County") motion to dismiss the cross-claim brought by Cross-Complainant Coachella Valley Water District

1

("CVWD") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 69.) Specifically, the County seeks to dismiss Counts I and III of CVWD's cross-claim against the County as untimely under California Government Code § 900, et seq. ("Government Claims Act"). (*Id.*) CVWD opposed the motion. (Doc. No. 78.) The County replied. (Doc. No. 79). For the reasons set forth in detail below, the Court **GRANTS** the County's motion to dismiss.

## I.  BACKGROUND

This action arises out of a tragic accident that occurred in unincorporated Imperial County. (Complaint, Doc. No. 1.) On or about October 2, 2019, Andre Dos-Santos De-Sa was driving a Hyundai Elantra when he, along with three passengers, were involved in a two-car, broadside collision with a truck driven by Josue Gonzalez, an employee of CVWD. (*Id.* ¶¶ 11–13.) The Complaint alleges that on or about October 2, 2019, Defendant Gonzalez was driving a van within the course and scope of his employment with CVWD. (*Id.* ¶ 13.) Plaintiffs allege Defendant Gonzalez recklessly sped into an uncontrolled intersection, with no stop signs, in which decedents were passengers in a vehicle which had already established the right-of-way. (*Id.* ¶¶ 20, 27.) The two vehicles collided at the uncontrolled intersection, resulting in the fatal accident. (*Id.* ¶ 20.) The automobile accident resulted in the death of two decedents, Larissa Araujo and Andressa Dos Santos. (*Id.* ¶¶ 23–24.) Plaintiffs Jose Carlos De Araujo, Helenilza Maria Oliveira De Araujo, Renato Alves Dos Santos, and Maria Tereza De Carvalho (collectively, "Plaintiffs") are the parents of the decedents. (*Id.* ¶¶ 7–8.) All Plaintiffs are residents of Brazil. (*Id.*)

The surviving claims against Defendants Gonzalez, the County of Imperial, and CVWD are: (1) wrongful death, (2) battery (survival action), and (3) negligence (survival action). (Doc. No. 29.) On March 11, 2021, CVWD filed a cross-claim against the County and Andre Dos Santos De-Sa, the driver of the Hyundai. Relevant to this order is the cross-claim brought against the County. CVWD's First Amended Cross-Complaint ("FACC") brings separate and distinct causes of action against the County for indemnity

and contribution. (Doc. No. 61.) Subsequently, the County filed the instant motion to dismiss the indemnity and contribution claims for failure to state a claim. (Doc. No. 69.) This order follows.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) (quotations and citation omitted).

## III.  REQUESTS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The County first requests the Court take judicial notice of the claim presented by CVWD to the County and the rejection of the claim. (*See generally* Doc. No. 69-2.) The Court **GRANTS** the County's request. *See Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 12-cv-117-MCE-DAD, 2012 WL 5013288, at *7 (E.D. Cal. Oct. 17, 2012) ("Whether or not a Tort Claim has been presented to a public entity is subject to judicial notice."); *Navarro v. City of Alameda*, No. 14-cv-1954-JD, 2014 WL 4744184, at *2 (N.D. Cal. Sept. 22, 2014) (the court may take judicial notice of California government-claim documents); *see also Davis v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2018 WL 1806101, at *6 (S.D. Cal. Apr. 17, 2018) (taking judicial notice of claim and rejection).

Next, the County requests the Court take judicial notice of the California Judicial Council's Emergency Rules re: COVID-19. (*See generally* Doc. No. 69-2.) It is a public record relevant to the County's motion, and thus, the Court **GRANTS** the County's request for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding a court "may take judicial notice of court filings and other matters of public record").

Lastly, the County requests the Court take judicial notice of Imperial County Code, Chapter 4.04, and CVWD District Code, Section 2.10.010. (*See generally* Doc. No. 79-1.) Because these codes can be accurately determined from other reliable sources, the Court **GRANTS** the County's request for judicial notice. *See Wood v. City of San Diego*, No. 03cv1910-MMA (POR), 2010 WL 2382335, at *5 (S.D. Cal. June 10, 2010) (taking judicial notice of sections of the San Diego Municipal Code relevant to the proceedings).

IV. **DISCUSSION**

In its motion, the County argues CVWD's cross-claim fails because it does not comply with the Government Claims Act. (Doc. No. 69-1 at 2.) CVWD counters that it "is <u>statutorily excepted</u> from the claim presentation requirement under *California Government Code* Section 905(i)[.]" (Doc. No. 78 at 4) (emphasis in original).

Specifically, CVWD argues it is exempt from the claims presentation requirement since it qualifies as a "local public entity" under Government Code 905(i). (*Id.*) The County responds that under Government Code § 935, it has adopted ordinances requiring all claimants, including public entities, to present government claims to the County prior to filing suit against it for money or damages. (Doc. No. 79 at 2.) As such, the County asserts, CVWD's cross-claim is subject to Government Code § 945.6's six-month statute of limitations. (*Id.*)

"Under the [Government Claims A]ct, . . . no suit for 'money or damages' may be brought against a public entity until a written claim therefor has been presented to the public entity and either has been acted upon or is deemed to have been rejected." *All. Fin. v. City & Cnty. of S.F.*, 64 Cal. App. 4th 635, 641 (1998) (citing Cal. Gov't Code § 945.4). "Compliance with the [Government Claims Act] is mandatory; and failure to file a claim is fatal to the cause of action." *Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992) (internal quotation marks and citation omitted). Therefore, "[a] plaintiff suing . . . a local public entity must allege facts demonstrating either compliance with the claim presentation requirement or an excuse for noncompliance as an essential element of the cause of action." *Ovando v. Cnty. of L.A.*, 159 Cal. App. 4th 42, 65 (2008). Under California Government Code § 905(i), "[c]laims by [a] . . . local public entity" are exempt from the claims presentation requirement of the Government Claims Act. However, California Government Code § 935 states that "[c]laims against a local public entity for money or damages which are excepted by Section 905 from [the Act's claim-presentation requirement], and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity." Cal. Gov't Code § 935(a).

The County asserts CVWD's cross-claim for indemnity and contribution is time barred because the cross-claim was filed thirty-six days late under the Government Claims Act. (Doc. No. 69-1 at 4); *see* Cal. Gov't Code § 945.6(a)(1). CVWD counters

that it is a "local public entity" and thus exempt from both the pre-filing claim presentation requirement and the statute of limitations under § 905(i). (Doc. No. 78 at 5.) However, CVWD fails to address whether it is required to comply with Imperial County's Code pursuant to Government Code § 935. (*See generally* Doc. No. 78.)

Here, the County has adopted its own "charter, ordinance, or regulation" under Government Code § 935. (*See* Doc. No. 79 at 3.) Section 4.04.010 of Imperial County's Code states:

> Pursuant to Section 935 of the Government Code, all claims against the county of Imperial for money or damages which are excepted by Section 905 of the Government Code from the provisions of Division 3.6 of the Government Code (Section 810 et. seq.), and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedures prescribed in this chapter.

(Doc. No. 79-1 at 4.) As such, CVWD's cross-claim is governed by the Imperial County Code. Imperial County Code § 4.04.020 requires that a signed written claim be presented to the County of Imperial and must include the information required by Government Code § 910. (*Id.*) Moreover, § 4.04.040 states:

> A claim relating to a cause of action for death, or for injury to a person . . . shall be presented not later than six months after the accrual of the cause of action. . . . The presentation and action on claims provided herein shall be a prerequisite to suit thereon, and such suit shall be subject to the provisions of Section 945.4 and 945.6 of the Government Code.

(*Id.*)

CVWD complied with Imperial County Code § 4.04.020 by presenting a claim to the County on March 12, 2020, to which the County served its notice of rejection on July 10, 2020. (Doc. No. 78 at 4–5.) CVWD thus had until February 3, 2021, to timely serve its cross-claim.[1] (Doc. No. 69-1 at 4; Doc. No. 79 at 2.) However, CVWD filed its

---

[1] The last day for CVWD to timely have filed its cross-claim would have been January 11, 2021. (Doc. No. 69-1 at 4.) However, due to the COVID-19 epidemic and pursuant to California Judicial Council

cross-claim on March 11, 2021. (*See* Doc. No. 34.) CVWD failed to comply with the six-month statute of limitation as set forth in Imperial County Code § 4.04.040 and Government Code § 945.6, which requires claims to be brought "not later than six months after the date such notice [of rejection of claim] is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). As such, the Court finds that dismissal is appropriate.

## V. CONCLUSION

Accordingly, the Court **DISMISSES** Counts I and III of CVWD's First Amended Cross-Complaint as to the County with leave to amend. (Doc. No. 69.)

**IT IS SO ORDERED.**

Dated: December 17, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

Emergency Rule 9(b), all six-month statutes of limitations were tolled from April 6, 2020, until October 1, 2020. (*Id.*; Doc. No. 69-2 at 25.)