UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA ARAUJO, et al.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01800-AJB-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER TO PERMIT LATER DEPOSITION AND REMOTE APPEARANCES;**<br><br>**(2) SUA SPONTE GRANTING CONTINUANCE OF TIME; AND**<br><br>**(3) FIRST AMENDED SCHEDULING ORDER**<br><br>**[Doc. 90]** |

　　　On January 11, 2022, Plaintiffs filed an ex parte application to modify the scheduling order to permit later deposition dates for expert witnesses and to allow experts to appear at depositions remotely by video ("Motion"). (Doc. 90.) This is Plaintiffs' second request to amend scheduling order dates. (*See* Docs. 63, 90.) The original scheduling order was entered February 4, 2021. (Doc. 23.) On November 18, 2021, the undersigned granted

Plaintiffs' first request for an extension of the expert discovery and dispositive motion deadlines. (Docs. 73, 90.) Now, Plaintiffs request the expert discovery and dispositive motion deadlines be extended by sixty (60) days and allow experts to appear remotely for depositions.

Plaintiffs allege good cause exists to extend dates and allow remote appearances because "[t]he parties have diligently scheduled virtually all of the experts to be deposed before the February 7 deadline . . . [h]owever, a dispute has arisen [as] multiple experts have informed counsel that they are not willing to appear for their depositions in-person due to the recent spike in the Covid pandemic." (Doc. 90 at 9.) Plaintiffs also allege Defendant Coachella Valley Water District ("CVWD"), Cross-Defendant Andre Dos-Santos De-Sa ("De-Sa"), and Third-Party Defendant Imperial Irrigation District ("IID") agree that any experts who wish to appear by video may do so.[1] (*Id.*) However, Defendant County of Imperial ("County") insists experts appear in-person but will allow counsel to appear remotely. (*Id.*)

On January 12, 2022, Defendant County filed an opposition to Plaintiffs' Motion, in which County claims depositions of important, retained expert witnesses "cannot be conducted effectively or efficiently via remote means." (Doc. 92 at 6.) County also claims, "all appropriate COVID-related precautions will be observed for those who attend the depositions in-person, including social distancing and mask-wearing." (*Id.* at 5.)

As to Plaintiff's Motion to allow experts to appear at depositions remotely, the Motion is **GRANTED**. Although Defendant County opposes this request, the undersigned recognizes that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation. The parties are encouraged to take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete

---

[1] Defendants CVWD, De-Sa, and IID did not file a response in opposition to Plaintiffs' Motion.

2

depositions in a manner that also take into account the needs of dependent care and personal health care.

The undersigned's November 18, 2021 order granting Plaintiffs' ex parte application to modify interim deadlines set the expert discovery deadline on **February 7, 2022** and the pretrial motions cutoff on **March 9, 2022**. (Doc. 73 at 3–4.) The undersigned's February 4, 2021 scheduling order set a mandatory settlement conference on **May 25, 2022** and final pretrial conference on **July 7, 2022**. (Doc. 23 at 2–3.)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification.").

As to Plaintiffs' request to extend the expert discovery deadline and pretrial motions cutoff, the Motion is **GRANTED**. The undersigned finds good cause to modify the scheduling order given the ongoing COVID-19 pandemic. To allow sufficient time to accommodate remote appearances and ensure means to facilitate efficient and effective depositions, the undersigned *sua sponte* continues all dates as follows:

1. All expert discovery must be completed by all parties on or before **April 8, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation**

**continuing or altering this requirement will be recognized by the court.**

2. A Mandatory Settlement Conference will be conducted on **July 20, 2022** at **9:30am** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, 2003 West Adams Ave., Suite 220, El Centro, California 92243**. Counsel or any party representing himself or herself must submit confidential settlement briefs **directly** to the magistrate judge's chambers by **July 8, 2022**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

3. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **May 9, 2022**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

4. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **August 8, 2022**.

5. This order replaces the requirements under Civ. L. R. 16.1.f.6.c. No Memoranda of Law or Contentions of Fact are to be filed.

6. The parties must meet and confer on or before **August 15, 2022** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

7. Objections to Pre-trial disclosures must be filed no later than **August 22, 2022**.

8. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **August 29, 2022**.

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **September 8, 2022** at **2:00pm**.

10. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

11. The dates and times set forth herein will not be modified except for good cause shown.

12. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

13. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum will exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

DATE: January 21, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE