UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT; THE COUNTY OF IMPERIAL; JOSUE GONZALEZ; and DOES 1 TO 25, inclusive,<br><br>Defendants. | Case No.: 20-cv-01800-AJB-MDD<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>**(Doc. No. 147)** |
| COACHELLA VALLEY WATER DISTRICT,<br><br>Cross-Complainant,<br><br>v.<br><br>ANDRE DOS-SANTOS DE-SA, an individual; COUNTY OF IMPERIAL, a Public Entity; and DOES 1-10, inclusive,<br><br>Cross-Defendants. | |

Before the Court is Cross-Defendant Andre Dos-Santos De-Sa's ("De-Sa") motion for determination of good faith settlement with Jose Carlos de Araujo, Helenilza Maria

Oliveira de Araujo, Alves Dos Santos, and Maria Tereza de Carvalho (the "Wrongful Death Plaintiffs"). (Doc. No. 147.) To date, the Court has received no opposition to this motion by the other parties to this case ("Nonsettling Parties"). Defendant and Cross-Complainant Coachella Valley Water District has filed a Statement of Agreement and Non-Opposition to the instant motion. (Doc. No. 152.) For the reasons set forth in detail below, the Court **GRANTS** the De-Sa's motion.

## I.   BACKGROUND

This action arises out of a tragic accident that occurred in unincorporated Imperial County. On October 2, 2019, Cross-Defendant Andre Dos Santos De-Sa was driving a Hyundai Elantra when he, along with Plaintiffs Larissa Araujo and Andressa Dos Santos and non-party Cheng Zhang, were involved in a two-car, broadside collision with a van driven by Defendant Josue Gonzalez, an employee of Defendant CVWD. (Doc. No. 109-1 at 9.) The automobile accident resulted in the deaths of Larissa Araujo and Andressa Dos Santos. (*Id.* at 10.)

At the time of the collision, Defendant Gonzalez was driving a Ford E350 Super Duty van southbound on English Road, while Plaintiffs, De-Sa, and Zheng were heading westbound on Schrimpf Road. (*Id.* at 9.) Where these two roads intersect, both English Road and Schrimpf Road are unpaved, graded dirt roads. (*Id.* at 8.) There were no stop signs or other traffic controls to indicate an intersection was approaching. (*Id.* at 10.) Thus, English Road and Schrimpf Road were two perpendicular roads that intersected without any controls regulating cross-traffic. (*Id.*) At the time of the collision, there were no posted speed limit signs at this intersection. (*Id.*) Thus, pursuant to California Vehicle Code § 22349(b), the speed limit was 55 mph. (*Id.* at 11.)

Approximately 73 feet northeast of the intersection, there is a dirt berm approximately five feet high. (Doc. No. 115 at 6.) While Mr. De-Sa was driving west on Schrimpf, the dirt berm was to his right/north, while the berm was to Defendant Gonzalez's left/east as he drove south. (Doc. No. 109-1 at 11.) In 2014, this berm was designed and constructed by Imperial Irrigation District ("IID") as part of its Managed Marsh Complex,

Phase 2. (Doc. No. 115 at 6.)

In the 5 seconds before the collision, Mr. De-Sa's Hyundai was traveling at 56 mph. (*Id.*) From 4 to 2 seconds before the collision, the Hyundai slowed from 55 mph to 47 mph. (*Id.*) Then, in the 1.5 seconds to 1 second before the collision, the Hyundai was traveling 46 mph. (*Id.*) Meanwhile, Defendant Gonzalez's Ford maintained a constant speed between 59.0 and 60.9 mph and never slowed or activated its brakes before the collision. (*Id.*) Mr. De-Sa's Hyundai entered the intersection first and was thereafter hit by Defendant Gonzalez's Ford. (*Id.*)

On September 13, 2020, the Wrongful Death Plaintiffs filed the instant action alleging causes of action for the wrongful deaths of decedents Larissa Araujo and Andressa Dos Santos, battery, violation of civil rights, and negligence. Defendant CVWD thereafter filed a cross-claim against De-Sa and the County of Imperial (the "County") for negligence, indemnity, contribution, and declaratory relief. The cross-claim was later amended to add IID.

On September 10, 2020, Mr. Zhang and De-Sa, as plaintiffs, commenced an action in the Imperial County Superior Court against CVWD and Mr. Gonzalez for negligence, general negligence, negligent entrustment, negligent hiring, training, retention, and supervision of an employee under Case No. ECU001562 (the "State Action"). In the State Action, CVWD filed a cross-complaint against De-Sa and the County for implied indemnity, contribution, and declaratory relief.

At the time of the incident, Mr. De-Sa was insured by Citizens Insurance Company of the Midwest, which had policy limits of $100,000 per person and $300,000 per accident. Mr. De-Sa has no other insurance which may cover the claims of the Wrongful Death Plaintiffs in the instant action, Mr. Zhang in the State Action, or the actual or potential cross-claims of CVWD, Gonzalez, the County, and IID. Mr. De-Sa has provided all parties a Declaration of No Assets indicating that he does not have any other insurance, real estate, or personal assets to resolve the claims of the Wrongful Death Plaintiffs in the instant action or Mr. Zhang's claims in the State Action. Mr. De-Sa does not admit any fault or liability

in this matter and maintains he is not responsible, nor did he contribute to, the accident in question nor to the injuries of the Wrongful Death Plaintiffs or Mr. Zhang.

In December 2022, De-Sa and the Wrongful Death Plaintiffs reached a settlement agreement. The material terms of the settlement agreement ("Agreement") between the Wrongful Death Plaintiffs and De-Sa (collectively, "Settling Parties") provide:

- The total sum of $100,000 to be paid to Plaintiffs Jose Carlos de Araujo and Helenilza Maria Oliveira de Araujo, collectively.
- The total sum of $100,000 to be paid to Plaintiffs Renato Alves Dos Santos and Maria Tereza de Carvalho, collectively.
- Although not part of the Court's approval in the instant action, De-Sa will pay the remaining $100,000 of his policy limits to Mr. Zhang in the State Action.
- The settlement is a compromise of disputed claims and is not an admission of liability by any party.
- The Settling Parties mutually waive all known and unknown claims pursuant to California Civil Code § 1542.
- CVWD will dismiss its cross-complaint against De-Sa in the instant case and in the State Action.
- Each of the parties shall bear its own attorneys' fees and costs.
- The Agreement is "conditioned on a good faith determination by the Court . . . ."

(Doc. No. 147 at 9–10; *see also* Doc. No. 152 at 2.)

## II. LEGAL STANDARD

Under California law, "[w]here a release . . . is given in good faith before . . . judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," the release shall, among other things, "discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Code Civ. P. § 877.

To obtain a determination that it reached a settlement in good faith, "a settling party

may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement." *Id.* § 877.6(a)(2). Nonsettling parties are thereafter given an opportunity to contest the settlement. *Id.*

If, after reviewing the application for determination of good faith settlement and any response(s) thereto, the court determines the settlement was entered in good faith, "any other joint tortfeasor or co-obligor" is barred "from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c); *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 494 (1985); *Com. Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210, 212 (9th Cir. 1981).

The party asserting a lack of good faith has the burden of proof on that issue. Cal. Code Civ. P. § 877.6(d).

To meet the standard of "good faith," the amount of the settlement must be "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt*, 38 Cal. 3d at 499; *see also Torres v. Union Pac. R. Co.*, 157 Cal. App. 3d 499, 508 (1984) (holding that a defendant's settlement price cannot be "grossly disproportionate to that defendant's fair share of the damages").

In applying the reasonable-range test, courts may consider the following factors: (1) "a rough approximation of the plaintiffs' total recovery and a settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "a recognition that a settlor should pay less in settlement than if found liable after a trial"; (4) "the allocation of settlement proceeds among plaintiffs"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) evidence of "collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech-Bilt*, 38 Cal. 3d at 499. A settlement will be deemed to have been reached in good faith, so long as it is not so far "out of the ballpark" in relation to the foregoing factors "as to be inconsistent with the equitable objectives of the statute." *Id.* at 499–500.

A court must only weigh the *Tech-Bilt* factors when the good-faith nature of a

settlement is disputed. *Marine Grp., LLC v. Marine Travelift, Inc.*, No. 10cv846 BTM (KSC), 2013 WL 416407, at *4 (S.D. Cal. Jan. 30, 2013) (citing *City of Grand Terrace v. Super. Ct.*, 192 Cal. App. 2d 1251, 1261 (1987)). In the absence of a dispute, a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." *Id.*

## III. DISCUSSION

Here, because the Nonsettling Parties have not objected to the instant motion for determination of good faith settlement, the Court need not apply the *Tech-Bilt* factors. Having reviewed the motion, the Court will grant the motion as unopposed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that De-Sa's Motion for Determination of Good Faith Settlement, (Doc. No. 147), is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 10, 2023

Hon. Anthony J. Battaglia
United States District Judge