# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA ARAUJO (SURVIVAL ACTION), et al., <br><br>                                Plaintiffs, <br><br> v. <br><br> COACHELLA VALLEY WATER DISTRICT; JOSUE GONZALEZ; and DOES 1 TO 25, inclusive, <br><br>                                Defendants. <br><br> COACHELLA VALLEY WATER DISTRICT, <br><br>                                Cross-Complainant, <br><br> v. <br><br> COUNTY OF IMPERIAL, a Public Entity; and DOES 1-10, inclusive, <br><br>                                Cross-Defendant. | Case No.: 20-cv-01800-AJB-MMP <br><br> **ORDER:** <br><br> **(1) DENYING AS MOOT DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINION TESTIMONY ON COSTS OF MEDICAL CARE** <br><br> **(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF MARCOS KRUSE; AND** <br><br> **(3) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE EXPERT WITNESSES** <br><br> **(Doc. Nos. 182, 183, 184)** |

Presently before the Court are several motions to exclude expert witnesses by

Plaintiffs Larissa Araujo (Survival Action), Jose Carlos De Araujo, Helenilza Maria Oliveira De Araujo, Andressa Dos-Santos (Survival Action), Renato Dos Santos, and Maria Tereza De Carvalho's (collectively, "Plaintiffs") and Defendants CVWD and Josue Gonzalez (collectively, "Defendants"). On September 11, 2023, the Parties attended a hearing on the motion. After considering the Parties' motions, the applicable law, and the arguments raised at the hearing, the Court **DENIES AS MOOT** Defendants' motion to limit expert opinion testimony on cost of medical care, (Doc. No. 182), **GRANTS IN PART AND DENIES IN PART** Defendants' motion to the exclude expert opinion testimony of Marcos Kruse, (Doc. No. 183), and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to exclude experts Reza Marshal and John Gay at trial, (Doc. No. 184).

I.   BACKGROUND

This action arises out of a tragic accident that occurred in unincorporated Imperial County. On October 2, 2019, Cross-Defendant Andre Dos-Santos De-Sa was driving a Hyundai Elantra when he, along with Plaintiffs Larissa Araujo and Andressa Dos Santos, were involved in a two-car, broadside collision with a van driven by Defendant Josue Gonzalez, an employee of Defendant CVWD. (Doc. No. 109-1 at 9.) The automobile accident resulted in the death of two decedents, Larissa Araujo and Andressa Dos Santos. (*Id.* at 10.)

On October 15, 2021, the County filed a motion for summary judgment. (Doc. No. 59.) On January 14, 2022, the Court denied the County's motion. (Doc. No. 93.) On January 9, 2023, the Court granted the Parties' joint motion to dismiss County of Imperial's third-party Complaint against Imperial Irrigation District. (Doc. No. 154.) On January 10, 2023, the Court granted Cross-Defendant Andre Dos-Santos De-Sa's motion for determination of good faith settlement with Plaintiffs. (Doc. No. 155.) On February 16, 2023, the Court granted Plaintiffs' motion to dismiss the County of Imperial pursuant to a settlement agreement. (Doc. No. 162.)

On July 6, 2023, the Parties attended the Final Pretrial Conference at which the

Parties requested they brief Plaintiffs' objections to experts Reza Marshal and John Gay testifying at trial. (*See* Doc. No. 177.) The Parties filed their respective briefs on August 7, 2023, (Doc. Nos. 182–84), and their respective responses on August 21, 2023, (Doc. Nos. 185–87). Thereafter, on September 11, 2023, the Parties attended a hearing on the matter. This order follows.

## II.   DEFENDANTS' MOTION TO LIMIT EXPERT OPINION TESTIMONY ON COST OF MEDICAL CARE

During the September 11, 2023 hearing on the instant motions, the Parties represented to the Court that they had reached an understanding regarding this motion, rendering it moot. As such, the Court **DENIES** the motion as **MOOT**. (Doc. No. 182.)

## III.   DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF MARCOS KRUSE

Upon review of the Parties' arguments and considering Evidence Rules 401 and 403, the Court **DENIES** Defendants' motion to exclude the expert opinion testimony of Mr. Kruse and will allow Mr. Kruse to testify as to his opinion of the economic loss of future income/economic capacity as stated in his opinion report. (Doc. No. 183.) Specifically, as to Larissa Araujo, Mr. Kruse may testify as to the net salary of a college graduate working in Brazil for a multi-national company until age 62, net salary meaning salary less tax, insurance, meal voucher, transportation. Mr. Kruse's opinion regarding Andressa Dos Santos will be allowed for her as a college graduate and as an advertising and marketing manager in Brazil—again, in net salary until age 62.

However, Defendants' motion to exclude is **GRANTED** to the extent that Mr. Kruse may not testify about Brazilian law jurisprudence, (*see, e.g.*, Doc. No. 186-4 at 5 n.2), damage models or compensation plans, or pain and suffering, monetized or otherwise. He may not suggest that the totality of the earning capacity or any part thereof will be what decedents would have contributed to family members as there is no basis stated for that proposition. Finally, he may not testify about Araujo's religious character or religious plans, goals, etc., (*see, e.g.*, *id.* at 8), as it is irrelevant and highly prejudicial.

1   Mr. Kruse will be open to full cross examination on the methodology and a motion
2   to strike any other opinions.

### IV. PLAINTIFFS' MOTION TO EXCLUDE WITNESSES

#### A. Reza Marshal

Plaintiffs first seek to preclude Defendants from calling Plaintiffs' expert, Reza Marshal, as a witness or using his expert report. (*See* Doc. No. 184 at 10–22.) Plaintiffs designated Mr. Marshal in their Rule 26 Disclosure on October 4, 2021. (Doc. No. 185 at 2.) Thereafter, Mr. Marshal provided his written expert report, filed a declaration on behalf of Plaintiffs, and was deposed. (*Id.*) Mr. Marshal was thereafter de-designated on March 13, 2023, after settling their claims with the County of Imperial, a former defendant in this case. (*Id.*)

Plaintiffs argue under Fed. R. Civ. P. 26(b)(4)(D)(ii) and *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 671 (E.D. Wash. 2000), one party may not call the opposing party's witness except in "exceptional circumstances" and no such exceptional circumstances exist here. (Doc. No. 184 at 15–17.) Plaintiffs further assert Defendants previously retained their own traffic engineer, Edward Ruzak, who the Court previously excluded under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993), (*see* Doc. No. 143), and because Defendants "failed to provide Mr. Ruzak with the necessary evidence to formulate his opinions and that failure resulted in Mr. Ruzak's exclusion[,]" there are no exceptional circumstances here. (Doc. No. 184 at 17–19.) Defendants respond that under Fed. R. Civ. P. 26(b)(4)(A), once an expert witness has been designated to testify at trial, has submitted a report, and has been deposed, the opposing party's demand to depose and use the expert at trial is no longer analyzed under the "exceptional circumstances" standard, even if the expert's designation has thereafter been withdrawn. (Doc. No. 185 at 3–4.)

In this case, the parties dispute the legal standard that applies when a designated expert is withdrawn by the original retaining party and then called by the opposing party in its case-in-chief. The Court observes that district courts have applied different

approaches in these circumstances and there appears to be no controlling Ninth Circuit authority. Some district courts have found that the balancing test of Federal Rule of Evidence 403 applies. *See Hous. Auth. of the City of Los Angeles v. PCC Tech. Indus., Inc.*, No. CV 11-1626 FMO (CWx), 2015 WL 13757602, at *6 (C.D. Cal. Apr. 28, 2015); *Morris v. Mitsubishi Motors N. Am., Inc.*, No: CV-08-0396-RMP, 2011 WL 13228438, at *2–3 (E.D. Wash. Mar. 28, 2011); *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 249 (N.D. Iowa 1996); *Brigham Young Univ. v. Pfizer, Inc.*, Nos. 2:12-mc-143 TS BCW, 5:12-cv-041, 2012 WL 1029304, at *5 (D. Utah Mar. 26, 2012); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999); *Agron v. Trustees of Colum. Univ.*, 176 F.R.D. 445, 450 (S.D. N.Y. 1997).

Moreover, a leading treatise states:

> Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial. Furthermore, if a party is deemed to have waived the privilege as to documents provided to its named expert, that party may not avoid production of those documents under Rule 26(b)(4)(A) by later changing the designation of that expert from "testifying" to "non-testifying" expert.

6 Moore's Federal Practice § 26.80[1][a](3d ed.); *see CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176 (D. Del. 2003).

Other courts have held that such a decision is "committed to the sound discretion of the district court" and reviewed for abuse of discretion. *See Peterson v. Willie*, 81 F.3d 1033, 1037–38 n.4 (11th Cir. 1996). Yet other courts have applied the "exceptional circumstances" test under Rule 26. *See FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046–48 (E.D. Cal. 2002) (applying both the "exceptional circumstances" test under Rule 26 and the balancing test of Rule 403). Finally, other courts have held that such testimony is permissible based on the structure of Rule 26, which distinguishes between the protections afforded to testifying and consulting experts. *See S.E.C. v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009).

The Court is aware that prior decisions in this District have adopted the "exceptional circumstances" standard of Fed. R. Civ. P. 26(b)(4)(D). *See Lehan*, 190 F.R.D. at 674. However, the decision of a federal district court judge is "not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case," Lawrence B. Solum, *Stare Decisis, Law of the Case, and Judicial Estoppel* 18-134 Moore's Federal Practice § 134.02 (3d Ed. 1997). While the Court respectfully acknowledges the reasoned conclusions of *Lehan*, the Court finds a different outcome appropriate to the present facts. As such, the Court adopts the balancing test of Federal Rule of Evidence 403.

As a starting point, Fed. R. Evid. 402 provides that "All relevant evidence is admissible," except as otherwise provided. "We let jurors see and hear even marginally relevant evidence, because we trust them to weigh the evidence appropriately." *United States v. Hitt*, 981 F.2d 422, 423 (9th Cir. 1992). A district court exercises broad discretion in deciding whether the probative value of evidence outweighs its prejudicial effect pursuant to Fed. R. Evid. 403, and abuses that discretion only by admitting evidence of very slight or no probative value when there is a likelihood of unfair prejudice or risk of misleading the jury. *Id.* at 424.

In this case, Mr. Marshal's report contains opinions on the issue of comparative fault in this case,[1] whether the intersection where the accident occurred was dangerous due to the obstruction caused by a berm built and maintained by third parties, and on causation and whether the site obstruction was a substantial factor in causing the accident. (Expert

---

[1] Plaintiffs also object to the testimony on relevance grounds arguing that the County of Imperial settlement removes any consideration of the County's comparative fault from the case. The Court disagrees. Defendants have asserted, "Defendants Gonzalez and CVWD contend that other non-parties were negligent, and their negligence was a cause or contributed to the collision and resulting injuries and deaths. Defendants contend the driver of Plaintiffs' vehicle, Andres Dos Santos De-Sa, was negligent. Defendants also contend that the County of Imperial was negligent due to a dangerous condition of public property. Defendants CVWD and Gonzalez contend fault for the accident and resulting injuries and deaths should be allocated among the parties found to be at fault." (*See* Doc. No. 179 at 2); Cal. Civ. Code §§ 1431.1 and 1431.2.

Report of Reza Marshal, Doc. No. 107-2, at 22–25.) Moreover, Mr. Marshal has produced his report and been deposed. Given these circumstances, the Court finds the various approaches discussed above—the balancing test of Rule 403, the discretionary authority of courts to control the mode and order of examining witnesses, and the plain language of Rule 26 itself—all weigh in favor of permitting Defendants to call Mr. Marshal as a witness.

However, the Court will not permit testimony or argument as to which party originally retained Mr. Marshal, who paid him in whole or in part, or refer in any way to the designation/de-designation issue or this Court's ruling. *See Brigham Young Univ.*, 2012 WL 1029304, at *5 ("Defendants, however, are cautioned against eliciting and using testimony at trial regarding the fact that [the expert] was originally hired and then dropped by Plaintiffs. Such testimony is potentially very prejudicial and may confuse a jury."); *Peterson*, 81 F.3d at 1037 ("Several courts have noted the prejudice that results from informing a jury that an expert had been originally consulted by the opposing party.").

Subject to this limitation, the Court **DENIES** Plaintiffs' Motion to Exclude Witnesses at Trial as to Reza Marshal. (Doc. No. 184.) *See In re Taco Bell Wage & Hour Actions*, No. 1:07-cv-01314-SAB, 2016 WL 815634, at *3 (E.D. Cal. Mar. 2, 2016) ("There is no per se rule prohibiting a party from calling the opposing party's expert in their case in chief . . . Courts have found that the weight of authority favors allowing a party to introduce opinion testimony of the opposing party's expert during their case in chief."). Defendants may call Mr. Marshal in their case, at their expense, based on his customary rates.

### B. John Gay

#### 1. Background

Plaintiffs next similarly seek to exclude the expert report and testimony of John Gay from trial. (Doc. No. 184-1 at 23–29.) Mr. Gay was produced and designated by the County of Imperial in response to Plaintiffs' Rule 30(b)(6) notice. (Doc. No. 185 at 3.) Plaintiffs thereafter took Mr. Gay's deposition on June 29, 2021. (*Id.*) In December 2022, the Parties

submitted a stipulation requesting the Court to amend the scheduling order, (Doc. No. 150), which was granted by the Court, (Doc. No. 151). The operative scheduling order required the Parties to "comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before March 13, 2023 . . . ." (Doc. No. 150 ¶ 8.a.) Defendants did not timely file or serve their pre-trial disclosures. (Declaration of Robert J. Ounjian, Doc. No. 184-2, ¶ 9.) Thus, on April 3, 2023, Plaintiffs filed an objection to Defendants' failure to file and serve any pre-trial disclosures. (Doc. No. 161.)

On April 10, 2023, the Parties filed a proposed pre-trial order, in which Defendants identified Mr. Gay as a percipient witness they intended to call at trial. (Doc. No. 167 at 12.) Plaintiffs objected due to Defendants' failure to disclose him. (*Id.* at 13; Doc. No. 168 at 4.)

On April 14, 2023, the Court *sua sponte* issued an Order, which included the following: "Specifically, Defendants must complete their Federal Rule of Civil Procedure 26(a)(3) disclosures within 14 days of this Order; . . . . **Defendants' further failure to meet the deadline for the Rule 26(a)(3) disclosures will result in a court order denying any witnesses or exhibits from admission in the trial of this case.**" (Doc. No. 169 at 2 (emphasis added).) The Order further directed the Parties to file a new pre-trial order by June 9, 2023. (*Id.*)

On April 27, 2023, Defendants filed their pre-trial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). (Doc. No. 170.) This new pre-trial disclosure did not include Mr. Gay. (*See generally id.*) However, in the Parties' June 9, 2023 pre-trial order, Defendants identified Mr. Gay as a percipient witness intended to be called at trial. (Doc. No. 175 at 11.) Plaintiffs again objected, as Mr. Gay was not disclosed in the pre-trial disclosures. (*Id.* at 12.) Defendants responded "that in light of the Plaintiffs noticing and taking Mr. Gay's deposition under Rule 30(b)(6) that not listing Mr. Gay on a subsequent disclosure until April 27, 2023, was harmless . . . ." (*Id.*)

### 2. Discussion

Plaintiffs first assert Defendants failed to comply with Federal Rule of Civil

Procedure 26(a)(3)(A), requiring all parties to file pre-trial disclosures which include the name of each witness that it may present at trial. (Doc. No. 184-1 at 26.)

Federal Rule of Civil Procedure 26(a)(3)(A) states:

> [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
> (i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises . . . .

Moreover:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e).  A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." *Id.* Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). Indeed, Rule 37(c)(1) is "intended to put teeth into the mandatory . . . disclosure requirements" of Rule 26(a) and (e). 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289.1 (3d ed. 2014).

In any event, Defendants withdrew Mr. Gay as a witness after the Court, during the September 11, 2023 hearing, indicated it would deny Plaintiffs' motion to exclude as to Mr. Marshal. This is another basis on which to grant the motion. Thus, because Defendants failed to comply with Federal Rule of Civil Procedure 26(a)(3)(A) and this Court's prior order stating that "Defendants' further failure to meet the deadline for the Rule 26(a)(3) disclosures will result in a court order denying any witnesses or exhibits from admission in the trial of this case[,]" (Doc. No. 169 at 2), and because Defendants have withdrawn Mr. Gay as a witness, the Court **GRANTS** Plaintiffs' motion to exclude Mr. Gay from

testifying at trial.

## V. CONCLUSION

Based on the foregoing, the Court:

1. **DENIES AS MOOT** Defendants' motion to limit expert opinion testimony on cost of medical care, (Doc. No. 182);

2. **GRANTS IN PART AND DENIES IN PART** Defendants' motion to the exclude expert opinion testimony of Marcos Kruse, (Doc. No. 183); and

3. **DENIES** Plaintiffs' motion to exclude as to Reza Marshal and **GRANTS** the motion as to John Gay, (Doc. No. 184).

**IT IS SO ORDERED.**

Dated: September 14, 2023

Hon. Anthony J. Battaglia
United States District Judge